**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **KATELYN HANKS,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | **CIVIL ACTION** |
| | § | **FILE NO. 3:18-CV-02038-L** |
| VS. | § | |
| | § | **JURY** |
| **L & R FIESTA INVESTMENTS,** | § | |
| | § | |
| **Defendant** | § | |

**<u>DEFENDANT'S ORIGINAL ANSWER</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, L & R FIESTA INVESTMENTS (hereinafter, L & R), Defendant in the above-entitled and numbered cause, and for answer to Plaintiff's Complaint would respectfully show as follows:

<u>I. ADMISSIONS AND DENIALS</u>

<u>Plaintiff's Allegations as to Jurisdiction</u>

1.  While denying any and all liability and denying that Plaintiff is entitled to the damages sought, L & R admits that the claim brought by the Plaintiff gives rise to jurisdiction in this court, as set forth in numbered paragraph 1 of Plaintiff's Complaint.

<u>Plaintiff's Allegations as to Parties</u>

2.  L & R is without knowledge or information sufficient to form a belief about the truth of the allegation set forth in paragraph 2 of Plaintiff's Complaint.

3.  L & R is without knowledge or information sufficient to form a belief about the truth of the allegation set forth in paragraph 3 of Plaintiff's Complaint.

4. L & R is without knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 4 of Plaintiff's Complaint.

5. L & R is without knowledge or information sufficient to form a belief about the truth of the allegation set forth in paragraph 5 of Plaintiff's Complaint.

6. Defendant denies the assertion in paragraph 6 of Plaintiff's complaint that there exist "numerous ADA violation on [Defendant's] property" and that the property is not accessible. Defendant is without knowledge or information sufficient to form a belief about the truth of any other allegations set forth in paragraph 6 of Plaintiff's Complaint.

7. Defendant admits the allegation set forth in paragraph 7 of Plaintiff's Complaint.

8. Defendant admits the allegation set forth in paragraph 8 of Plaintiff's Complaint.

Plaintiff's Factual Allegations

9. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegation set forth in paragraph 9 of Plaintiff's Complaint.

10. Defendant denies the allegation set forth in paragraph 10 of Plaintiff's Complaint.

11. Defendant admits the allegation set forth in paragraph 11 of Plaintiff's Complaint.

12. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegation set forth in paragraph 12 of Plaintiff's Complaint.

13. Defendant denies the allegation set forth in paragraph 13 of Plaintiff's Complaint.

14. L & R is without knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 14 of Plaintiff's Complaint.

15. L & R is without knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 15 of Plaintiff's Complaint.

16. Defendant denies the allegation set forth in paragraph 16 of Plaintiff's Complaint.

<u>Plaintiff's Count 1 – Violations of the ADA and ADAAG</u>

17. The statements in Complaint paragraph 17 are largely a statement or conclusion of law which does not require a response. To the extent a response is required, L & R denies the allegations in paragraph 16 to the extent they seek to impute liability to L & R.

18. The statements in Complaint paragraph 18 are largely a statement or conclusion of law which does not require a response. To the extent a response is required, L & R denies the allegations in paragraph 18 to the extent they seek to impute liability to L & R.

19. The statements in Complaint paragraph 19 are largely a statement or conclusion of law which does not require a response. To the extent a response is required, L & R denies the allegations in paragraph 19 to the extent they seek to impute liability to L & R.

20. The statements in Complaint paragraph 20 are largely a statement or conclusion of law which does not require a response. To the extent a response is required, L & R denies the allegations in paragraph 20 to the extent they seek to impute liability to L & R.

21. The statements in Complaint paragraph 21 are largely a statement or conclusion of law which does not require a response. To the extent a response is required, L & R denies the allegations in paragraph 21 to the extent they seek to impute liability to L & R.

22. L & R admits the allegation set forth in paragraph 22 of Plaintiff's Complaint.

23. L & R admits the allegation set forth in paragraph 23 of Plaintiff's Complaint.

24. The statements in Complaint paragraph 24 are largely a statement or conclusion of law which does not require a response. To the extent a response is required, L & R denies the allegations in paragraph 24 to the extent they seek to impute liability to L & R.

25. The statements in Complaint paragraph 25 are largely a statement or conclusion of law which does not require a response. To the extent a response is required, L & R denies the allegations in paragraph 25 to the extent they seek to impute liability to L & R.

26. L & R denies that the subject property is not in compliance with the ADA and/or ADAAG as alleged in paragraph 26 of Plaintiff's Complaint.

27. L & R denies that the subject property is not in compliance with the ADA and/or ADAAG as alleged in paragraph 27 of Plaintiff's Complaint.

28. L & R denies the allegations in paragraph 28 of Plaintiff's Complaint.

29. L & R denies the allegations in paragraph 29 of Plaintiff's Complaint.

30. L & R denies the allegations in paragraph 30 of Plaintiff's Complaint.

31. L & R denies the allegations in paragraph 31of Plaintiff's Complaint.

32. L & R denies the allegations in paragraph 32 and all subparagraphs thereof of Plaintiff's Complaint.

33. L & R is without knowledge or information sufficient to form a belief regarding the statements set forth in paragraph 33 of Plaintiff's Complaint. To the extent the allegations seek to impute liability to L & R, L & R denies the allegations in paragraph 33.

34. L & R is without knowledge or information sufficient to form a belief regarding the statements set forth in paragraph 34 of Plaintiff's Complaint. To the extent the allegations seek to impute liability to L & R, L & R denies the allegations in paragraph 34.

35. L & R is without knowledge or information sufficient to form a belief regarding the statements set forth in paragraph 35 of Plaintiff's Complaint. To the extent the allegations seek to impute liability to L & R, L & R denies the allegations in paragraph 35.

36. L & R is without knowledge or information sufficient to form a belief regarding the statements set forth in paragraph 36 of Plaintiff's Complaint. To the extent the allegations seek to impute liability to L & R, L & R denies the allegations in paragraph 36.

37. L & R is without knowledge or information sufficient to form a belief regarding the statements set forth in paragraph 37 of Plaintiff's Complaint. To the extent the allegations seek to impute liability to L & R, L & R denies the allegations in paragraph 37.

38. L & R is without knowledge or information sufficient to form a belief regarding the statements set forth in paragraph 38 of Plaintiff's Complaint. To the extent the allegations seek to impute liability to L & R, L & R denies the allegations in paragraph 38.

39. L & R is without knowledge or information sufficient to form a belief regarding the statements set forth in paragraph 39 of Plaintiff's Complaint. To the extent the allegations seek to impute liability to L & R, L & R denies the allegations in paragraph 39.

40. The statements in Complaint paragraph 40 are largely a statement or conclusion of law which does not require a response. To the extent a response is required, L & R denies the allegations in paragraph 40 to the extent they seek to impute liability to L & R.

41. L & R denies the allegations in paragraph 41 of Plaintiff's Complaint.

42. L & R denies the allegation in paragraph 42 of Plaintiff's Complaint.

43. L & R denies the allegation in paragraph 43 of Plaintiff's Complaint.

44. L & R denies the allegation in paragraph 44 of Plaintiff's Complaint.

45. The statements in Complaint paragraph 45 are largely a statement or conclusion of law which does not require a response. To the extent a response is required, L & R denies the allegations in paragraph 45 to the extent they seek to impute liability to L & R.

## II. AFFIRMATIVE DEFENSES

46. L & R affirmatively pleads that Plaintiff failed to make any demand or furnish any notice or otherwise ask for any reasonable accommodation prior to commencing this lawsuit, thus incurring unnecessary attorney's fees and costs of litigation.

47. L & R affirmatively pleads that Plaintiff has failed to mitigate her damages, including failing to bring to the attention of L & R one or more of the alleged barriers or requesting that L & R provide alternative access.

48. L & R affirmatively pleads that Plaintiff approaches the Court with unclean hands and pleads the affirmative defenses of laches, waiver and estoppel. Plaintiff did not notify L & R of any deficiencies while Plaintiff was allegedly on L & R's property, or within a reasonably prompt time as to allow L & R to investigate and correct any then-existing conditions.

49. L & R affirmatively pleads that that at all times relevant to the Complaint, and with respect to all matters mentioned herein, L & R acted in good faith, exercised reasonable care, and complied with all duties owed to the public.

50. L & R affirmatively pleads that to the extent L & R made any renovations to the subject property at any relevant time, L & R satisfied the "maximum extent feasible" standard.

51. L & R affirmatively pleads that it is afforded the protection of the "safe harbor" provisions under the ADA.

52. L & R affirmatively pleads, without acknowledging any violation of the Americans with Disabilities Act, that the modification of some or all of the alleged conditions set forth in Plaintiff's Complaint are (1) not readily achievable within the meaning of the ADA and applicable regulations and/or standards, or (2) would impose an undue burden on L & R or (3)

are demands for modifications to conditions that (a) do not exist or (b) which are in compliance with the ADA for property built prior to January 26, 1992.

53. Because of Plaintiff's allegations and claims in this lawsuit, L & R has retained the undersigned counsel. Pursuant to 28 U.S.C. § 1927 and 42 U.S.C. § 12205, L & R seeks to recover its reasonable costs, attorney's fees and expenses from the date Plaintiff served its lawsuits through the final adjudication of this case.

### III. JURY DEMAND

54. L & R hereby demands a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendant, L & R FIESTA INVESTMENTS, prays that Plaintiff take nothing by way of her suit, all relief requested by Plaintiff be denied, Defendant be fully relieved, discharged and acquitted and go forward with its costs, attorney's fees and expenses without further obligation to the Court or to Plaintiff, and that this Defendant be afforded any other relief, at law or in equity, to which it may be entitled.

Respectfully submitted,

**RAMSEY & MURRAY, P.C.**

By: _____
Mark Ramsey
SBOT No. 16521700
800 Gessner, Suite 250
Houston, Texas 77024
(713) 613-5400
(713) 613-5414 (Fax)
Attorney in Charge for Defendant,
**L & R FIESTA INVESTMENTS**

## **CERTIFICATE OF SERVICE**

      I do hereby certify that on this the 24th day of September, 2018, a true and correct copy of the above and foregoing instrument was filed on the CM/ECF system, which will automatically serve notice of electronic filing on the following attorney in charge for Plaintiff:

Douglas S. Schapiro, Esq.
THE SCHAPIRO LAW GROUP, P.L.
21301 Powerline Road, Suite 106
Boca Raton, FL 33433
schapiro@schapirolawgroup.com

Emil Lippe, Jr., Esq.
Lippe & Associates
12222 Merit Drive, Suite 1200
Dallas, Texas 75251
emil@texaslaw.com

 

_____
Mark Ramsey

8